IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EMERSON CLIMATE
TECHNOLOGIES, INC.,                    :

      Plaintiff,

                       :

      v.

M.P.D., INC.,

      Defendant.                     :

Case No. 3:15-cv-365

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR AN
ORDER OF IMMEDIATE POSSESSION (REPLEVIN) (DOC. #6);
ORDER OF IMMEDIATE POSSESSION PURSUANT TO
OHIO REVISED CODE § 2737.04

---

This matter came before the Court on the Motion for an Order of Immediate

Possession (Replevin), Doc. #6, filed by Plaintiff, Emerson Climate Technologies,

Inc., with respect to certain Equipment. The Court finds Plaintiff's motion to be

well-taken, and it is hereby SUSTAINED.

Pursuant to Ohio Revised Code § 2737.03, Plaintiff supported its motion

with an Affidavit of Cindy Ohlsen, Doc. #7, establishing that Defendant, M.P.D.,

Inc., teamed up with Plaintiff on a project to overmold certain Scroll Seal Plates.

Defendant purchased the following Equipment, which Plaintiff paid for and owns:

- a husky hot runner mold base (Purchase Order No. 274683);
- an overmold degating fixture (Purchase Order No. 371128);
- a pressure transducer (Purchase Order No. 274685);
- an end of arm robotics (Purchase Order No. 274686);
- certain overmold insert dies (Purchase Order Nos. 370708 – 370711);

- certain prototype tooling (Purchase Order Nos. Q365818PEN and Q356826PEN);
- a cav & core (Purchase Order No. Q368257PEN);
- a core (Purchase Order No. Q368257PEN);
- degating dies Purchase Order No. Q376264PEN);
- a punch die set (Purchase Order No. Q376786PEN);
- 2 trim die sets (Purchase Order No. Q380692PEN).

Additionally, Defendant is also allegedly in possession of Plaintiff's c-shaped bushing 4 cavity mold, a counterweight cup 8 cavity mold, and a counterweight cup 4 cavity mold.

The Affidavit lists the total estimated value of all of the above-named Equipment at $280,141.78. After Plaintiff decided to discontinue the project, it requested that all of this Equipment be returned. According to the Affidavit, Defendant has refused to return the Equipment unless Plaintiff reimburses Defendant for capital expenditures made in connection with the project. Plaintiff, however, maintains that it did not approve those capital expenditures or agree to pay for them.

Counsel entered an appearance on behalf of Defendant on November 25, 2015. On December 18, 2015, those attorneys were electronically served with Plaintiff's Motion for an Order of Immediate Possession, along with Ohlsen's Affidavit, a Notice detailing Defendant's rights to a hearing and procedures for the posting of a bond, and forms for requesting a hearing under Ohio Revised Code §§ 2737.04 and 2737.05. Said documents were also sent to counsel for Defendant by certified mail. As detailed in the Notice, Defendant was statutorily

2

required to request a hearing within five business days after being served.
Defendant has not done so.

Based on Ohlsen's Affidavit and allegations in the Complaint, it appears that
this Court has personal jurisdiction over Defendant.  Notably, the Complaint alleges
that Defendant consented to venue and jurisdiction in the purchase orders.  Doc.
#1, PageID#2.

Having duly considered Plaintiff's Motion, the Affidavit, and the docket, the
Court finds that: (1) Defendant was served with the Motion, the Affidavit and the
Notice on December 18, 2015, in accordance with Ohio Revised Code § 2737.05;
(2) Defendant did not request a hearing within five business days after being
served, and has not requested a continuance; (3) Defendant has not posted a
bond; and (4) the Motion and Affidavit establish that there is probable cause to
believe that  Defendant is in possession of Plaintiff's Equipment and that Plaintiff is
entitled to its return.  Pursuant to Ohio Revised Code § 2737.06(A), the Court
finds that a hearing is not required and that Plaintiff is entitled to immediate
possession of the Equipment.


Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. Plaintiff Emerson Climate Technologies, Inc., is entitled to, and is hereby
   granted immediate possession of the following Equipment, currently in
   possession of Defendant, M.P.D., Inc.:

3

- a husky hot runner mold base (Purchase Order No. 274683);
- an overmold degating fixture (Purchase Order No. 371128);
- a pressure transducer (Purchase Order No. 274685);
- an end of arm robotics (Purchase Order No. 274686);
- certain overmold insert dies (Purchase Order Nos. 370708 – 370711);
- certain prototype tooling (Purchase Order Nos. Q365818PEN and Q356826PEN);
- a cav & core (Purchase Order No. Q368257PEN);
- a core (Purchase Order No. Q368257PEN);
- degating dies Purchase Order No. Q376264PEN);
- a punch die set (Purchase Order No. Q376786PEN);
- 2 trim die sets (Purchase Order No. Q380692PEN);
- c-shaped bushing 4 cavity mold;
- counterweight cup 8 cavity mold; and
- counterweight cup 4 cavity mold.

2. Based on Ohlsen's Affidavit, the value of this Equipment is $280,141.78. Pursuant to Ohio Revised Code § 2737.10, this Order will not become effective until Plaintiff files with this Court a Bond, in favor of Defendant, M.P.D., Inc., executed by its surety in the amount of $560,283.56.

3. Pursuant to Ohio Revised Code § 2737.08(B), upon Plaintiff posting the Bond, Defendant shall deliver possession of the Equipment to Emerson Climate Technologies, Inc., at 1675 W. Campbell Road, Sidney, Ohio 45365, within 14 days of the date of this Order.  In the alternative, within that same time period, Defendant may file a bond in favor of Plaintiff, Emerson Climate Technologies, Inc., executed by its surety in the amount of $560,283.56, pursuant to Ohio Revised Code § 2737.11.

4. The hearing previously scheduled at 1:30 p.m. on January 8, 2016, is cancelled as moot.

4

Date: January 5, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE