IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EMERSON CLIMATE
TECHNOLOGIES, INC.,                    :

        Plaintiff,                        Case No. 3:15-cv-365
                          :
     v.                                JUDGE WALTER H. RICE

M.P.D., INC.,
        Defendant.                        :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO
ALTER JUDGMENT OR AMEND ORDER OF POSSESSION (DOC. #17);
OVERRULING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
CLAIM FOR REPLEVIN (DOC. #25); OVERRULING DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S NOTICE OF SUPPLEMENTAL
AUTHORITY (DOC. #26); LIFTING STAY AND DIRECTING
DEFENDANT TO DELIVER POSSESSION OF EQUIPMENT TO
PLAINTIFF WITHIN FOURTEEN DAYS OF THE DATE OF THIS
DECISION AND ENTRY

---

Plaintiff, Emerson Climate Technologies, Inc. ("Emerson"), and Defendant,

M.P.D., Inc. ("M.P.D."), teamed up on a project.  When Emerson decided to

discontinue that project, it asked M.P.D. to return certain equipment and tooling

that Emerson had purchased for the endeavor.  M.P.D. refused to do so unless

Emerson first reimbursed M.P.D. for certain capital expenditures it had made.

Emerson maintains that it never agreed to pay for those capital expenditures.

Emerson filed suit against M.P.D., asserting claims of replevin, conversion, breach

of contract, and unjust enrichment.[1]  Doc. #1.  This Court's jurisdiction is based on

diversity of citizenship.  On November 25, 2015, counsel for M.P.D. entered their

appearances, having waived service on behalf of M.P.D. one day earlier.  Docs.

##3-5.

On December 18, 2015, Emerson filed a Motion for an Order of Immediate

Possession (Replevin).  Doc. #6.  That same date, pursuant to the replevin

procedures set forth in Ohio Revised Code Chapter 2737, the Court sent a Notice

to M.P.D., informing M.P.D. of its right to request a hearing or post a bond within

five business days.  Because Ohio Revised Code § 2737.07 requires a court to set

a hearing within 20 days after the motion is filed, the Court set a hearing date of

January 8, 2016.  Doc. #8.  A copy of the Notice was sent by certified mail to

M.P.D.'s counsel of record.  Counsel also received a copy of the Notice via the

Court's electronic case filing system, CM/ECF.

On January 4, 2016, Emerson filed a notice that M.P.D. had failed to

request a hearing within the five days allotted.[2]  Emerson explained that "[w]hile

no service return has been filed with the Clerk, there is no question that MPD's

counsel received the Notice through the Court's CM/ECF system."  Doc. #9,

––––––––––––––––––––––

[1]  M.P.D. subsequently asserted counterclaims of breach of contract, promissory estoppel, unjust enrichment, and negligent misrepresentation.

[2]  M.P.D. also failed to file a bond with the Clerk of Court within the five-day period, which would have allowed M.P.D. to retain possession of the property until the entry of final judgment.  Ohio Rev. Code § 2737.05(A).

PageID#33.  In accordance with Ohio Revised Code § 2737.06, Emerson therefore asked the Court to grant the replevin motion without conducting a hearing.

On January 5, 2016, the Court issued a Decision and Entry Sustaining Plaintiff's Motion for an Order of Immediate Possession (Replevin), ordered Emerson to file a bond in the amount of $560,283.56, and ordered M.P.D. to deliver possession of the equipment to Emerson within 14 days.[3]  The Court canceled the January 8, 2016, hearing as moot.  Doc. #10.  Emerson posted its bond on January 22, 2016.  Doc. #16.

On January 25, 2016, M.P.D. filed a Motion to Alter or Amend the Order of Possession.  Doc. #17.  M.P.D. contends that the Order must be vacated for three reasons: (1) because the property at issue is located in Illinois, this Court lacks subject matter jurisdiction over it; (2) the Court did not allow M.P.D. twenty-one days to respond to Emerson's motion, as required by S.D. Civ. R. 7.2; and (3) the Notice was not properly served on M.P.D. in accordance with Ohio Revised Code Chapter 2737.

On February 11, 2016, the Clerk's Office, having unsuccessfully attempted to track the certified mail sent to counsel for M.P.D. on December 18, 2015, re-issued the Notice to M.P.D.'s counsel of record, both by certified mail and through

_____

[3]  Ohio's replevin statute provides that "[i]n addition to the order of possession delivered to the levying officer, the court may issue an order of possession to the respondent to deliver possession of the property to the movant at the place the court designates and within a time specified in the order. . . "  Ohio Rev. Code § 2737.08(B).

CM/ECF. The following day, M.P.D. moved the Court to stay the January 5, 2016, Order of Possession pending rulings on the other motions. Doc. #21.

On February 25, 2016, Emerson filed a "Notice of Supplemental Authority" concerning M.P.D.'s claim of improper service, pointing out that the record indicated that M.P.D. was served with the hearing notice via certified mail on February 15, 2016, and again had failed to request a hearing within five business days. Doc. #24.

That same day, M.P.D. filed a Motion to Dismiss Plaintiff's Claim for Replevin, Doc. #25. On March 3, 2016, M.P.D. filed a Motion to Strike Plaintiff's Notice of Supplemental Authority, Doc. #26. The Court agreed to stay the Order of Possession pending complete briefing and decisions on these other pending motions. Doc. #28. All motions are now fully briefed. The Court turns first to M.P.D.'s Motion to Dismiss Plaintiff's Claim for Replevin, which challenges the Court's subject matter jurisdiction.

## I.      M.P.D.'s Motion to Dismiss Plaintiff's Claim for Replevin (Doc. #25)

M.P.D. maintains that Count I of Plaintiff's Complaint (for Replevin) must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), because this Court lacks subject matter jurisdiction over the replevin claim. Emerson seeks to recover immediate possession of its personal property, which it alleges is being wrongfully detained by M.P.D. Federal Rule of Civil Procedure 64 states that replevin is available as a remedy in the district court, so long as it is available under the law of

the state where the district court is located.  The jurisdictional question in this case
arises, because the property at issue is currently located in Illinois, an area outside
of the territorial jurisdiction of the Southern District of Ohio.  M.P.D. argues that
the Court therefore has no authority to order the property's return.

The Court disagrees.  This Court has personal jurisdiction over M.P.D.,
which, in turn, has control over the property at issue.  Under Sixth Circuit law, this
is sufficient to give the Court subject matter jurisdiction over the replevin claim,
and authority to order M.P.D. to return the property, even if it is located outside of
this Court's territorial jurisdiction.  *See Steel Motor Service v. Zalke*, 212 F.2d 856
(6th Cir. 1954).

In *Zalke*, the appellant argued that a federal district court in Michigan lacked
jurisdiction to order the return of property that was located in Illinois. Appellant
noted that Michigan's replevin statute required that the action be filed in the
county where the property was located, but the Sixth Circuit held that "state law
cannot control the venue of federal courts."  *Id.* at 858.  Under 28 U.S.C. § 1391,
the federal venue statute, venue was proper because appellant was "doing
business" in Michigan.  Moreover, it was undisputed that the district court had
personal jurisdiction over the appellant, and that the appellant had control over the
property at issue.  *Id.*  The Sixth Circuit held that, under these circumstances, the
district court could exercise jurisdiction over the property, and order its return,
even though that property was located out of state.  The court held as follows:

5

It was unnecessary that appellant have physical possession of the trailer in Michigan at the time the suit was started. It had control and constructive possession and that was sufficient. A mere direction to appellant's agent in Chicago would have placed the trailer in the hands of the owner in Detroit.

*Id.* (citations omitted). *See also Paulucci v. William Morris Agency, Inc.*, 952 F. Supp. 1335, 1345 (D. Minn. 1997) (ordering defendant, over which court had personal jurisdiction, to return personal property which was located out of state).

As one federal court has explained:

A court, in exercising its *in rem* jurisdiction alone, is constitutionally empowered to adjudicate rights to property only when such property is legally or physically located within its own jurisdiction. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1070 (3d ed. rev. 2004) ("One of the requirements of *in rem* or *quasi-in-rem* jurisdiction is that the property be within the court's jurisdiction at the time of suit."). In exercising its authority *in personam*, however, a court may assert extraterritorial jurisdiction over the person of the defendant, *and affect rights to the defendant's property located outside of the court's jurisdiction*, if the exercise of that jurisdiction otherwise complies with statutory and Due Process requirements.

*In re Globo Comunicacoes e Participacoes S.A.*, 317 B.R. 235, 251-52 (S.D.N.Y. 2004) (emphasis added).[4]

---

[4]   "If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated '*in personam*' and can impose a personal obligation on the defendant in favor of the plaintiff. If jurisdiction is based on the court's power over property within its territory, the action is called '*in rem*' or '*quasi in rem*.'" *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977).

A replevin action is ordinarily classified as an action *in rem*.  However, to the extent that the rightful owner also seeks to recover incidental damages, it may also be classified partly as an action *in personam*.  *See Jedlicka v. Good Mech. Auto Co.*, 21 Ohio App.3d 19, 21, 486 N.E.2d 121, 123 (Ohio Ct. App. 1984).  In this case, Emerson seeks not only immediate possession of the equipment, but also incidental damages for "depreciation," along with other compensatory damages.  Doc. #1, PageID##4, 6.  Therefore, this is not purely an *in rem* action.

It is undisputed that the Court has personal jurisdiction over M.P.D., which consented to this Court's jurisdiction in the applicable purchase orders, and voluntarily entered a general appearance in this case.  *See* Doc. #1, PageID#2; Doc. #34, PageID#159; *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 700 (6th Cir. 1978) (noting that personal jurisdiction over a defendant may be acquired by voluntary appearance).  Likewise, because the same purchase orders contain a forum selection clause requiring suit to be filed either in state court in Shelby County, Ohio, or in the United States District Court for the Southern District of Ohio, Western Division, *see* Doc. #34, PageID#159, venue is also proper.  It is also undisputed that M.P.D. has control and possession of the property at issue.  *Zalke* dictates that, under these circumstances, this Court may order M.P.D. to return that property to Emerson, even though the property is located in Illinois.

M.P.D. cites to two cases that have distinguished *Zalke*.  Neither is helpful.  M.P.D.'s reliance on *Center Capital Corp. v. Gulf Stream Crane, LLC*, No. 09-61021-CIV, 2009 WL 4909430 (S.D. Fla. Nov. 25, 2009), is misplaced.  There,

the court held that, even though it had personal jurisdiction over the defendant who, in turn, had constructive possession of the out-of-state property at issue, it lacked subject matter jurisdiction over the replevin claim because, under Florida law, although constructive possession is an element of a replevin claim, a court has no authority to consider a replevin claim unless it first has *in rem* jurisdiction over the property at issue. *Id.* at *9. The court found *Zalke* to be legally distinguishable, because Michigan's replevin law had no similar requirement. *Id.*

M.P.D. has cited to no authority indicating that Ohio has any such requirement either. In fact, the Ohio replevin statute specifically provides that a court may direct an order of possession to "the levying officer of any county within this state." Ohio Rev. Code § 2737.16. This implies that an Ohio court may, in some instances, enter an order of possession concerning personal property located outside of its territorial jurisdiction. *Center Capital* is therefore inapposite.

M.P.D. also relies on *Central Transport, Inc. v. Theurer, Inc.*, 430 F. Supp. 1076 (E.D. Mich. 1977), a case involving a motion to transfer venue. A Michigan corporation filed a replevin action in the Eastern District of Michigan, seeking the return of 500 tires that were being held in New Jersey. The defendant moved to transfer venue from Michigan to New Jersey. Although the court found that defendant had enough contacts with Michigan to make the exercise of personal jurisdiction proper, it granted defendant's motion to transfer venue to New Jersey, concluding that the replevin claim was "local" in nature and that venue was therefore proper "only in the district where the tires are located." *Id.* at 1078-79.

8

To the extent that this was the basis for the holding in *Theurer*, that case no longer has much persuasive force. The federal venue statute was amended in 2011, and now provides that proper venue is to be determined "without regard to whether the action is local or transitory in nature." 28 U.S.C. § 1391(a)(2). Moreover, *Theurer* involved only a motion to transfer venue. The court's subject matter jurisdiction over the replevin claim was not at issue. Perhaps this is why the court's discussion of *Zalke* was so brief. It found *Zalke* to be factually distinguishable because:

> There, the goods were located in Chicago, but the defendant had an office in Michigan; and the court found that the defendant had control and constructive possession of the disputed goods in Michigan. Here, it is clear that the defendant has never had either control or possession of the goods in Michigan.

430 F. Supp. at 1079.

Citing *Theurer*, M.P.D. likewise argues that, because it has no offices in Ohio, and has never controlled or possessed the equipment and tooling in Ohio, *Zalke* is factually distinguishable and does not control the outcome. The Court disagrees.

It is not at all clear why the *Theurer* court felt a need to distinguish *Zalke*. As the court noted, it was only the "nature of the remedy sought" that determined whether an action was local or transitory and, therefore, where venue should properly lie. The court determined that, because the remedy sought was the physical seizure of the tires, the case should be transferred to New Jersey, where the tires were located. *Id.* The question of whether the defendant had an office

9

in Michigan was irrelevant to this determination, particularly since the court had already found that it had personal jurisdiction over the defendant by virtue of defendant's *other* contacts with the State.

In *Zalke*, the court acquired personal jurisdiction over the appellant because the appellant had offices in Michigan. In this case, M.P.D. has consented to this Court's personal jurisdiction. The method by which a court acquires personal jurisdiction over a defendant, however, is irrelevant to the key issue at hand. *Zalke* dictates that, in a replevin action, if the court has personal jurisdiction over the defendant who, in turn, has control or constructive possession over the personal property in question, the court may issue an order directing the defendant to return that property to its rightful owner, regardless of where that property is located. 212 F.2d at 858. Here, as in *Zalke*, it is undisputed that this Court has personal jurisdiction over M.P.D., and that M.P.D. has control over the equipment at issue. The Court therefore has authority to direct M.P.D. to return that equipment to Emerson. Accordingly, the Court OVERRULES M.P.D.'s Motion to Dismiss Plaintiff's Claim for Replevin, Doc. #25.

## II.    M.P.D.'s Motion to Alter or Amend Order of Possession (Doc. #17)

The Court now turns to M.P.D.'s Motion to Alter or Amend Order of Possession, Doc. #17. M.P.D. contends that the Court's January 5, 2016, Order, Doc. #10, must be vacated because: (1) the property at issue is located in Illinois, and this Court lacks subject matter jurisdiction over it; (2) the Court did not allow

M.P.D. twenty-one days to respond to Emerson's motion, as required by S.D. Civ. R. 7.2; and (3) the Notice was not properly served on M.P.D. in accordance with Ohio Revised Code Chapter 2737.

To the extent that M.P.D. alleges that the Order of Possession must be vacated because the Court lacks subject matter jurisdiction, the Court rejects this argument for reasons previously discussed. To the extent that M.P.D. argues that the Order must be vacated because of one or more procedural defects, the Court rejects these arguments as well.

M.P.D. first argues that the Order of Possession must be vacated because the Court sustained Plaintiff's Motion for Order of Immediate Possession prior to the expiration of the twenty-one day response time provided by the Local Rules. This argument may be disposed of rather quickly.

As a general rule, in diversity cases, the federal court must apply state substantive law and federal procedural law. *Erie v. Tompkins*, 304 U.S. 64 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). M.P.D. correctly notes that S.D. Ohio Civ. R. 7.2(a)(1) states that "[a]ny memorandum in opposition shall be filed within twenty-one days after the date of service of the motion." This rule, however, is tempered by S.D. Ohio Civ. R. 1.1(c), which provides that the local rules "govern practice and procedure . . . unless a Judge orders otherwise in a given case." Motions are sometimes filed that require an expedited ruling and, in those situations, the Court will often shorten the typical briefing period. A motion for an order of immediate possession falls within this category.

11

In Ohio, replevin actions are governed by Ohio Revised Code Chapter 2737. The procedures set forth in that chapter indicate that when a motion for an order of possession is filed, time is of the essence. For example, a respondent has just five business days to request a hearing after receipt of the notice, Ohio Rev. Code § 2737.04, and the court must hold a hearing within twenty days after the motion for an order of possession is filed, Ohio Rev. Code § 2737.07(A).

Because these are state procedural rules, this Court is not necessarily bound to follow them. Nevertheless, in establishing procedures for litigating the replevin claim in federal court, the Court may consider the policies behind the state procedures. *See Hanna*, 380 U.S. at 473 (noting that a federal court "need not wholly blind itself to the degree to which [a federal rule] makes the character and result of the federal litigation stray from the course it would follow in state courts"). In this case, that means taking into consideration the fact that a movant in a replevin action is ordinarily entitled to an expedited ruling. Were the Court to allow a respondent a full twenty-one days to respond to a motion for an order of possession, and allow the movant an additional seventeen days to file a reply brief, such would thwart the policies underlying the expedited procedures set forth in the Ohio replevin statute.

Moreover, M.P.D. cannot claim to be surprised that the Court issued the Order prior to the expiration of the twenty-one days. The Notice clearly stated that, if M.P.D. disputed Emerson's claim for possession of the property, M.P.D. had five business days to request a hearing. It also warned M.P.D. that, if it failed

12

to request a hearing or file a bond within that time period, the court may grant the relief requested.  For these reasons, the Court rejects M.P.D.'s claim that, because the Court sustained Plaintiff's Motion for an Order of Immediate Possession without giving M.P.D. a full twenty-one days to respond, the Order of Possession must be vacated.

 M.P.D. next argues that the Order of Possession must be vacated because the Court issued the Order without strictly complying with the notice requirements set forth in Ohio Revised Code § 2737.05(C).  That statute provides that, in a replevin action, the required notice "shall be served on the respondent in duplicate . . . in the same manner as provided in the Rules of Civil Procedure for the service of process."  In turn, Ohio Civ. R. 4.2(F) provides that a corporation may be served with process only "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation."

Here, instead of serving M.P.D. by one of these methods, the Clerk of Court mailed the Notice, via certified mail, to M.P.D.'s counsel of record, who had entered an appearance several weeks earlier, and executed a waiver of the service of summons.  An electronic notice was also sent to counsel of record through the Court's electronic case filing system.

M.P.D. also points out that Ohio Revised Code 2737.06(A)(1) provides that a court may issue an order of possession without conducting a hearing only if it

13

finds that "[t]he notice, motion, and affidavit have been served on the respondent as required by section 2737.05 of the Revised Code."  This Court made no such specific finding.  Instead, the Court's Order simply stated that counsel of record was served electronically, and that the relevant documents were also sent to counsel of record by certified mail.  Doc. #10, PageID#36.

Again, these arguments may be disposed of rather quickly.  A federal court is not bound by state procedural rules.  In a diversity action, a federal court is to apply the Federal Rules of Civil Procedure, including those governing service. *Hanna*, 380 U.S. at 469.  In this case, by the time the Court issued the Notice, counsel for M.P.D. had already entered an appearance, and had waived service of summons.  Accordingly, service of the notice was governed by Fed. R. Civ. P. 5. *See* Fed. R. Civ. P. 5(a)(1)(E).  Fed. R. Civ. P. 5(b)(1) states that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court offers service on the party."  Therefore, service of the Notice on M.P.D.'s counsel of record, instead of on M.P.D. itself, was not only permissible, it was required by the federal rules.

Moreover, Fed. R. Civ. P. 5(b)(2)(E) specifically permits electronic filing, and it is undisputed that M.P.D.'s counsel of record was served a copy of the Notice via CM/ECF.  Having received actual notice via CM/ECF, the fact that counsel did not *also* receive a copy by certified mail, prior to the issuance of the Order, is of little consequence.  Because service of the Notice complied with the applicable

federal rules, the Court rejects M.P.D.'s claim that the Order must be vacated based on defective service.

### III.   M.P.D.'s Motion to Strike Plaintiff's Notice of Supplemental Authority (Doc. #26)

On February 25, 2016, Emerson filed a document entitled "Notice of Supplemental Authority," Doc. #24, pointing out that, according to the Court's docket, M.P.D.'s counsel received the applicable Notice on February 15, 2016, via certified mail.  This was the Notice that was re-sent by the Clerk of Court on February 11, 2016, after it was discovered that the *initial* certified mailing was not traceable.  Emerson argued that this rendered moot any claim of improper service, and noted that, even after receiving this Notice by certified mail, M.P.D. still failed to request a hearing within five days.

M.P.D. filed a Motion to Strike Plaintiff's Notice of Supplemental Authority, Doc. #26, arguing that the motion was not what it was purported to be, but rather a disingenuous attempt to re-argue Emerson's position.  The Court disagrees. Emerson did nothing wrong in simply pointing out that M.P.D.'s counsel was served by certified mail on February 15, 2016.[5]  The Court therefore OVERRULES

---

[5]   Nevertheless, the Court agrees with M.P.D. that, as a logical matter, the February 15, 2016, service of the Notice could not have operated to cure the alleged service defects.  Clearly, M.P.D. was entitled to proper service *before* the Court ruled on Motion for Immediate Possession, and cannot be faulted for failing to request a hearing after the fact.  However, given that the Court has already held that M.P.D.'s counsel of record was properly served via CM/ECF on December 18, 2015, the Court need not address this issue any further.

Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority, Doc. #26.

## IV.    Lifting of Stay/Renewed Order of Possession

Having overruled M.P.D.'s Motion to Dismiss Plaintiff's Claim for Replevin, and overruled M.P.D.'s challenges to the Order of Possession, the Court lifts the Stay entered on March 9, 2016, Doc. #28.

No later than 14 days after the date of this Decision and Entry, Defendant shall deliver possession of all of the equipment that was the subject of this Court's January 5, 2016, Order of Possession, Doc. #10, to Emerson Climate Technologies, Inc., at 1675 W. Campbell Road, Sidney, Ohio 45365.

## V.    Conclusion

For the reasons set forth above, the Court OVERRULES the following:

A. Defendant's Motion to Alter Judgment or Amend Order of Possession (Doc. #17);
B. Defendant's Motion to Dismiss Plaintiff's Claim for Replevin (Doc. #25); and
C. Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority (Doc. #26).

The Court also VACATES the March 9, 2016, Stay of the Order of Possession, Doc. #28, and DIRECTS M.P.D. to deliver possession of the equipment at issue to Emerson within 14 days of the date of this Decision and Entry.

16

Date: June 29, 2016

                                        WALTER H. RICE
                                        UNITED STATES DISTRICT JUDGE